# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PETER G TSANACAS § <br> § <br> v. § <br> § <br> AMAZON.COM, INC., AMAZON WEB § <br> SERVICES, INC., and CHRIS LEATH § <br> § | Civil Action No. 4:17-CV-00306 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Documents from Defendant Chris Leath (Dkt. #25). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted in part and denied in part.

### BACKGROUND

Plaintiff Peter Tsanacas alleges that his personal, confidential information was unlawfully distributed to third-parties by Defendant Chris Leath ("Defendant" or "Leath"), an Amazon Senior Category Merchandise Manager, who allegedly accessed Plaintiff's Amazon account using his home computer and sent pictures of Plaintiffs confidential information by text to a woman in Texas. Plaintiff's causes of action against Leath include federal claims under the Stored Communications Act, 18 U.S.C. 2701–2712, and the Computer Fraud and Abuse Act, 18 U.S.C. 1030; and state law claims under the Texas Harmful Access by Computer Act, the Texas Identity Theft Enforcement and Protection Act, the Deceptive Trade Practices Act, invasion of privacy, negligence, gross negligence and defamation.

On August 15, 2017, Plaintiff served his first set of requests for production ("RFPs") to Leath (Dkt. #26, Exhibit A). On September 14, 2017, Defendant Leath served his responses to Plaintiff's first set of RFPs (Dkt. #26, Exhibit B).

On October 25, 2017, the Court held a telephone conference on certain discovery issues, including Leath's invocation of the Fifth Amendment privilege against self-incrimination in response to document requests. The Court directed both parties to provide additional briefing on the issue.

On October 30, 2017, Plaintiff filed this motion to compel (Dkt. #25). On November 13, 2017, Leath filed a response (Dkt. #26).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.*

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a nonfrivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

# ANALYSIS

## I. Objections

*a. Boilerplate Objections*

Defendant Leath waived several objections by making boilerplate over broad, unduly burdensome, and relevance objections. It is well-established that parties cannot make general or boilerplate objections to discovery requests. *Heller*, 303 F.R.D. at 483 (N.D. Tex. 2014). Rule 34 requires that a response to an RFP "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The party resisting discovery "must show specifically . . . how each [request] is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir. 1982)). A party may not "refuse discovery simply by making a boilerplate objection that it is not proportional." Rule 26(b)(1), advisory committee note (2015). Because "[i]n the face of [general] objections, it is impossible to know whether information has been withheld and, if so, why." *Heller*, 303 F.R.D. at 483 (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)).

> Nearly all of Defendant's responses begin with the objection:
>
> Objection. Defendant would object to this request as it is over broad, unduly burdensome, and harassing. Defendant would further object as the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant would further object in that, on the advice of counsel, Defendant asserts his right against self-incrimination as afforded by the 5th Amendment to the United States Constitution and pursuant to Article 1, Section 10 of the Texas Constitution.

(Dkt. #25, Exhibit B).

Defendant Leath argues that his objections, including the one above, are not boilerplate because "[e]ach of those objections is appropriate and applicable to the specific items sought in Plaintiff's Request for Production." (Dkt. #26 at p. 7). The Court disagrees.

"Boilerplate" means "standardized text" or "ready-made or all-purpose language." *Boilerplate*, Merriam-Webster Collegiate Dictionary (11th ed. 2007); *Boilerplate*, Black's Law Dictionary (10th ed. 2014). Defendant used the above objections on all nine (9) of his RFP responses. (Dkt. #25, Exhibit B). This is the epitome of "standardized text." Simply put, the above over broad, unduly burdensome, relevance objections do not "state with specificity the grounds for objecting to the request." FED. R. CIV. P. 34(b)(2)(B).

Defendant's additional reason after the objection, address separate concerns such as the privilege against self-incrimination, privacy rights, and harassment. However, those objections stand or fall on their own. Therefore, Defendant's failure to specify specific grounds in the above objections results in waiver of those objections. FED. R. CIV. P. 34(b)(2)(B); *Keycorp*, 2016 WL 6277813, at *11.

Even if Defendant did not waive these objections, Defendant's objections are overruled. Defendants have not met their burden to explain the specific and particular way that each request is overbroad, unduly burdensome, and/or irrelevant after exercising reason and common sense to attribute ordinary definitions to terms and phrases used in the request. *Id.* at 491. Further, based on the Court's review, these requests are not so overbroad and/or unduly burdensome as to be incapable of reasonable interpretation and to prohibit Defendant's responses. Thus, these objections are overruled. The Court will now address the additional reasons that accompany some of Defendant's responses.

*b. Harassing and Personal Privacy Rights*

Leach again objects to all nine (9) RFPs as harassing and in RFPs 5 and 9 claims the information sought is subject to his personal privacy rights. Again, the Court finds Defendant's reasoning is insufficient to explain the basis for these objections. FED. R. CIV. P. 34(b)(2)(B). Therefore, the Court overrules Defendant's objections on these grounds.

*c. Fifth Amendment Privilege*

In raising a Fifth Amendment objection, a party must selectively invoke the privilege against self-incrimination and "object with specificity to the information sought from him." *See SEC v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981). This allows a district court to conduct "a particularized inquiry, deciding in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well-founded. *See United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976). Whether a party is entitled to the protection of the privilege is for the court to decide, not the invoking party. *See First Fin.*, 659 F.2d at 668.

Defendant's objections are not specific enough for the Court to decide whether the privilege is well-founded. For example, Defendant has claimed his Fifth Amendment privilege in response to a production request about itemized mobile phone bills and Defendant's employment, severance and termination agreements with Amazon (Dkt. #25, Exhibit B FRPs 1, 3).

The Fifth Circuit has held that the mere fact that evidence might be used in a later prosecution will not support a claim of self-incrimination. *See United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969). "Even if the danger of self-incrimination is great, the defendant's remedy is not to voice a blanket refusal to produce his records." *See SEC v. Kiselak Capital Grp.,*

*LLC*, No. 4:09-CV-256-A, 2011 WL 4398443, at *6 (N.D. Tex. Sept. 20, 2011). Instead, as previously discussed, he must object with specificity. *See id.*

Confronted with inadequate information, the Court is not in a position to conjecture about the possibility or potential nature of criminal proceedings. It is not self-evident that any disclosure of Plaintiff's requested document production would form a link to the chain of evidence of some crime. The Court concludes that Defendant did not meet his burden to show that he has asserted the objections with sufficient specificity. As discussed below, the Court will require Defendant to produce a privilege log as to certain RFPs.

## II. Document Production

For the Court to order production, Plaintiff must show that Defendant failed to produce documents or to permit the appropriate inspection. FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete response suffices to show a failure to respond. *Id.* 37(a)(4). When some documents have been produced in response to a request, Courts have interpreted "evasive or incomplete" to place a modest burden on the requesting party to support, with existing documents, a reasonable deduction that other documents may exist or did exist but have been destroyed. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003); *see also Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008).

The Court has already determined that Defendant's over broad and unduly burdensome objections were waived as boilerplate objections and Defendant's harassment objections were overruled. However, a party will still not be compelled to produce documents if the request is overbroad or unduly burdensome on its face. *E.g.*, *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 537–38 (D. Kan. 2003). The federal rules follow a proportionality standard for discovery. *See* FED. R. CIV. P. 26(b)(1). Under Rule 26, a request must be proportional to the needs

7

of the case when considering, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Regarding Plaintiff's RFPs 1 and 3, the Court finds Plaintiff's request are proportional and deserve no Fifth Amendment protection. The Court orders that Defendant's objections to Plaintiff's RFPs 1 and 3 are overruled and Defendant is hereby ordered to produce responsive information to Plaintiff's counsel by 5:00 p.m. on January 15, 2018.

Regarding Plaintiff's RFPs 2, 4, 5, 6, 7, 8, and 9, to the extent that Defendant is withholding any documents or information based on an over broad, unduly burdensome, and/or harassing objection, those objections are overruled, and any responsive documents should be produced. The Court does find there are possible Fifth Amendment implications regarding these RFP because the production of those documents may have "communicative aspects of [their] own." *United States v. Doe*, 465 U.S. 605, 609 (1984). "[T]he act of production could constitute protected testimonial communication because it might entail implicit statements of fact: by producing documents in compliance with [the production request], [Defendant] would admit that the papers existed, were in his possession or control, and were authentic." *United States v. Hubbell*, 530 U.S. 27, 36 n.19 (2000) (citing *Doe*, 465 U.S. at 613).

However, a privilege log must be produced for any documents, communications, or other materials withheld from production on privilege grounds. *See* FED. R. CIV. P. 26(b)(5). Neither party addresses whether Defendant produced such a log. To the extent that Defendant have not done so, the Court orders Defendant to produce a privilege log for each assertion of privilege by 5:00 p.m. on January 15, 2018.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel Document Production (Dkt. #25) is hereby **GRANTED in part** and **DENIED in part**. Defendant shall produce all items in accordance with this order by 5:00 p.m. on January 15, 2018.

**IT IS SO ORDERED.**
**SIGNED this 8th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE